# Exhibit A

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

N-BAR TRADE, INC., AYMEN MOHAMMED

Plaintiff

vs.

Case Number 2025-CAB-000721

AMAZON.COM SERVICES LLC, 1090 Vermont Avenue NW Washington, DC 20005

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Zoubida Altayib
Name of Plaintiff's Attorney

1050 Connecticut Avenue Suite 500
Address
Washington, DC 20036

202 961-6591
Telephone

Clerk of the Court

By ______________________ Clerk

Date February 27, 2025

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시오 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, <u>*DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*</u>

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

________________________________________
Demandante

contra

Número de Caso: ____________________

________________________________________
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante

Por: ______________________________
Subsecretario

Dirección

Fecha ______________________________

Teléfono

如需翻译,请打电话 (202) 879-4828　Veuillez appeler au (202) 879-4828 pour une traduction　Để có một bài dịch, hãy gọi (202) 879-4828

[illegible](202) 879-4828 [illegible]　የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, ***NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO***.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedirayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

Superior Court of the District of Columbia
Civil Division - Civil Actions Branch
500 Indiana Ave NW, Room 5000, Washington DC 20001
202-879-1133 | www.dccourts.gov

First Class Mail
U. S. Postage Paid
Washington, D.C.
Permit No. 1726

Zoubida Altayib
ASK THE LAWYER
1050 CONNECTICUT AVENUE NW
SUITE 500
WASHINGTON DC 20036

You are named in a lawsuit filed in the Superior Court of the District of Columbia. If you cannot appear at the hearing, please contact the Clerk's Office immediately for more information. If Plaintiff does not participate, the case may be dismissed. If Defendant does not participate, default or judgment may be entered.

For case information, please contact the Civil Actions Branch Clerk's Office by phone at 202-879-1133 or by live chat at https://www.dccourts.gov/services/civil-matters/requesting-over-10k.

To access your case information online, please visit www.dccourts.gov/services/cases-online.

**Case Caption:** N-BAR TRADE, INC. et al. v. AMAZON.COM SERVICES LLC et al.

**To:** Zoubida Altayib **Case Number:** 2025-CAB-000721

**NOTICE OF REMOTE INITIAL SCHEDULING CONFERENCE**

Your case is scheduled for a(n) **Remote Initial Scheduling Conference** on **05/16/2025** at **9:30 AM** in **Remote Courtroom 318**.

The remote hearing will be held via Webex. To join the hearing, follow the below instructions.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.
   Link: dccourts.webex.com/meet/ctb318
   Meeting ID: 129 801 7169
2) Click "**Join Meeting**". You may be placed in the lobby until the courtroom clerk gives you access to the hearing.

**OR To Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
   Enter the Webex Meeting ID shown above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call (202) 879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office at the telephone number at the top of the first page of this notice. For more information, visit https://www.dccourts.gov/language-access.

Language access is important to the D.C. Courts. You can provide feedback on language services by visiting https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría en el número de teléfono que figura en la parte superior de la primera página de este anuncio. Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎምላቸው መጠየቅ ይችላሉ። አስተርጓሚ ወይም የጽሑፍ ትርጉም ለመጠየቅ፣ እባክዎን በዚህ ደብዳቤ የመጀመሪያ ገጽ አናት ላይ በተቀመጠው ስልክ ቁጥር የፍርድ ቤቱን መዝገብ ቤት ቢሮን ያናጋግሩ። ለበለጠ መረጃ https://www.dccourts.gov/language-access ላይ ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

2/6/2025 6:10:45 P
Superior Court
of the District of Columbi

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **N-BAR TRADE, INC.,**<br>2307 41st ST NW APT 303<br>Washington, DC 20007<br>nbartrade@gmail.com<br>202-710-2030<br>and<br><br>**AYMEN MOHAMMED,**<br>2307 41st ST NW APT 303<br>Washington, DC 20007<br>aymandexter@gmail.com<br>202-710-2030<br>Plaintiffs,<br><br>v.<br><br>**AMAZON.COM SERVICES LLC,**<br>1090 Vermont Avenue NW<br>Washington, DC 20005<br>(866) 403-5272<br>and<br><br>**AMAZON PAYMENTS, INC.,**<br>1090 Vermont Avenue NW<br>Washington, DC 20005<br>(866) 403-5272<br>Defendants. | ) | 2025-CAB-000721<br>Case No.: ____________<br><br>Civil Action A (Jury) |

**VERIFIED COMPLAINT AND JURY DEMAND**
**JURY TRIAL REQUESTED**

Plaintiffs, by their attorneys Kamal Nawash and Zoubida Altayib, allege in this Complaint as follows:

**PRELIMINARY STATEMENT**

1. This case represents a profound abuse of power by Amazon that extends beyond mere business disagreement into destructive corporate conduct. During a global pandemic, when protective equipment was critically scarce, Amazon's actions destroyed a legitimate business, deprived the public of needed supplies, and devastated the life of a small business owner who had invested everything in serving his community.

2. The scope of Amazon's misconduct is matched only by the extent of damage it has caused. Beyond the immediate loss of inventory, Amazon's wrongful retention of valuable Antminer cryptocurrency mining equipment has cost Plaintiffs lost mining revenue when Bitcoin prices surged.

3. Amazon's legal maneuvering has exploited Plaintiffs' financial vulnerability through unconscionable arbitration requirements and deceptive settlement practices.

## PARTIES

4. Plaintiff N-Bar Trade, Inc. was a District of Columbia small business established to address critical shortages during the COVID-19 pandemic by importing and distributing protective equipment and essential supplies. The small business operated successfully until Amazon's actions forced its closure.

5. Plaintiff Aymen Mohammed, a resident of the District of Columbia, founded N-Bar Trade, Inc. in response to the urgent public need for protective equipment during the pandemic. Mr. Mohammed, the owner and sole employee of the business, invested his savings and borrowed substantial additional funds to establish and operate the business.

6. Defendant Amazon.com Services LLC operates the world's largest online marketplace and exercises near-complete control over sellers' access to millions of customers.

7. Defendant Amazon Payments, Inc. processes payments for Amazon's marketplace and maintains direct access to sellers' bank accounts.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under D.C. Code § 11-921(a)(2)(A), as this action involves claims exceeding $10,000 in value. The Court's jurisdiction extends to all claims arising from a common nucleus of operative facts.

9. This Court has personal jurisdiction over Defendants under D.C. Code § 13-423(a)(1) and (4). Defendants maintain extensive operations within the District of Columbia, including fulfillment centers and other facilities. They routinely conduct business with District residents and

businesses, deriving substantial revenue from these activities. Their systematic commercial activities within the District make the exercise of jurisdiction proper and reasonable.

10. Venue is proper in this Court under D.C. Code § 11-921(a) as the substantial majority of events giving rise to these claims occurred within the District of Columbia.

**FACTUAL ALLEGATIONS**

11. In early 2020, as the COVID-19 pandemic emerged and created unprecedented shortages of essential protective equipment, Mr. Mohammed recognized a critical public need and a business opportunity. The most urgently needed items included protective face masks (particularly KN95 masks), nitrile gloves, hand sanitizers, sanitizing wipes, and essential supplies such as toilet paper. Mr. Mohammed established N-Bar Trade, Inc. to help address these shortages by importing and distributing these critically needed items through Amazon's marketplace platform.

12. Plaintiffs underwent a comprehensive vetting process to establish their business on Amazon's platform. This included submitting detailed product specifications, safety documentation, and supply chain verification for each category of goods they intended to sell. After a thorough review, Amazon approved their seller account and products in Spring 2020, explicitly confirming that Plaintiffs' business model and product offerings met all requirements.

13. The Plaintiffs made a substantial investment based on Amazon's approval and the urgent market demand. Beyond essential protective equipment and supplies, this inventory included valuable Antminer bitcoin mining machines, which the Plaintiffs added to diversify their product offerings as market conditions evolved.

14. The business initially thrived. Plaintiffs stored their inventory in Amazon's fulfillment centers, sales were processed through the Amazon seller platform, and Amazon processed payments promptly. Given the high demand for protective equipment, the operation showed promising growth.

15. However, from 2021 through the end of 2022, Amazon engaged in a series of actions that violated both their contractual obligations and District of Columbia law:

a) First, Amazon began withholding sales proceeds, violating D.C. Code § 28:2-703 (regarding seller's remedies) and the implied covenant of good faith and fair dealing.

b) Second, Amazon made unauthorized withdrawals from Plaintiffs' accounts, constituting conversion.

c) Third, Amazon arbitrarily deactivated the Plaintiffs' seller account, breaching express and implied contractual obligations.

16. Most significantly, Amazon wrongfully retained possession of the Plaintiffs' Antminer cryptocurrency mining equipment causing substantial lost revenue.

17. Amazon compounded these wrongful acts by:

a) Charging storage fees for inventory it wrongfully retained, violating principles of unjust enrichment.

b) Causing Plaintiffs to pay disposal fees for time-sensitive merchandise that expired while in Amazon's wrongful possession.

c) Returning damaged inventory to incorrect addresses, causing additional losses and expenses.

18. Plaintiffs attempted to resolve these issues through Amazon's convoluted internal processes. They filed multiple seller support cases, participated in countless chat sessions with representatives, submitted detailed documentation repeatedly, and followed every procedure suggested by Amazon's representatives. Each attempt met the same fate: redirections to different departments, ignored documentation, or meaningless boilerplate responses.

19. Amazon's arbitration requirement represents a profound abuse of unequal bargaining power that renders it unconscionable under District of Columbia law. The reality of Mr. Mohammed's position illuminates the inherent unfairness of this requirement. N-Bar Trade was a small business managed by a single-person operation, that was established for the sole purpose of selling products through Amazon's platform.

20. The timing and manner of Amazon's arbitration requirement reveal its unconscionable nature. Mr. Mohammed first learned of the arbitration clause not during any business formation or contract discussion, but only when he sought judicial relief in this Court to recover his losses. This crucial term lay buried within Amazon's voluminous "click-wrap" agreement, a document so lengthy and complex that no reasonable small seller could meaningfully review or understand its terms.

21. Unlike large corporations with diverse sales channels, N-Bar Trade's business depended on accessing Amazon's platform. This complete dependence left no meaningful choice to Mohammed but to accept Amazon's imposed terms, sight unseen. The stark reality of this "take-it-or-leave-it" approach renders the arbitration provision procedurally unconscionable.

22. Amazon never specifically highlighted the arbitration requirement or provided any meaningful opportunity to review or negotiate terms. Instead, Amazon required immediate acceptance of complex terms as a prerequisite to beginning sales, knowing that small sellers like Mr. Mohammed could not have a reasonable opportunity to review nor understand these terms.

23. The practical implications of Amazon's arbitration requirement demonstrate its substantive unconscionability. The cost of arbitration proceedings would far exceed N-Bar Trade's remaining assets after Amazon's destructive conduct. The requirement to arbitrate in Seattle would impose prohibitive travel and legal expenses on a DC-based sole proprietor devastated by Amazon's actions. In effect, Amazon's arbitration requirement serves not as a legitimate alternative dispute resolution mechanism, but as a practical denial of any forum for seeking justice.

## COUNT I – CONTRACT ENFORCEMENT

24. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

25. while Amazon will likely claim the existence of a comprehensive contract through its Business Solutions Agreement, Mr. Mohammed's experience reveals a different truth. He never

saw or had any meaningful opportunity to review the full contract. This belated revelation of material terms undermines the foundation of contract formation.

26. District of Columbia law recognizes that contract terms may be unenforceable when circumstances reveal a fundamental unfairness in the contracting process. Such circumstances exist where one party lacks any meaningful choice about accepting terms, where those terms unreasonably favor the other party, and where a gross inequality of bargaining power exists.

27. The unconscionability of the contract terms becomes even more apparent in light of the parties' relative positions. Amazon, a trillion-dollar corporation with armies of lawyers, imposed complex terms on a small sole proprietor who sought to provide essential supplies during a global pandemic and make a living during the pandemic. Amazon had to have known that Mr. Mohammed could not meaningfully protect his interests, yet imposed terms that effectively denied his basic rights. This fundamental unfairness in the contract formation process renders the terms unenforceable.

**COUNT II - CONVERSION**

28. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

29. Plaintiffs maintained clear title and right to possession of their inventory stored in Amazon's fulfillment centers. This inventory included both time-sensitive protective equipment and valuable Antminer bitcoin mining machines. Amazon's role was merely that of a bailee, holding the property to facilitate sales.

30. Amazon wrongfully exercised dominion and control over the Plaintiffs' property by refusing to return it upon demand, preventing the Plaintiffs from accessing or selling it, and ultimately disposing of portions without proper authorization. This wrongful retention and disposition of the Plaintiffs' property constitutes conversion.

31. Amazon's conversion has caused substantial damages beyond the mere value of the converted property. During the wrongful retention period, the Antminer machines could have generated significant revenue through cryptocurrency mining operations. Additionally, the time-

sensitive nature of the protective equipment meant that Amazon's retention caused the inventory to expire, leading to a total loss of these goods. Amazon then charged Plaintiffs for the storage and disposal of the very inventory it had wrongfully retained.

## COUNT III - UNJUST ENRICHMENT

32. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

33. Through its wrongful conduct, Amazon has unjustly enriched itself at Plaintiffs' expense. Amazon has retained possession and control of Plaintiffs' valuable Antminer machines, benefited from the storage fees charged on wrongfully retained inventory, and profited from unauthorized withdrawals from Plaintiffs' account. These benefits were obtained through improper means, without justification, and at Plaintiffs' direct expense.

34. During the retention period, Amazon had the opportunity to use or profit from the Antminer machines while preventing the Plaintiffs from realizing any value from this expensive equipment. Amazon has also profited from storage fees charged on inventory, and its actions prevented the Plaintiffs from selling, essentially charging the Plaintiffs for Amazon's wrongful conduct.

35. Fundamental principles of equity and good conscience demand that Amazon not be permitted to retain these ill-gotten benefits. Amazon's enrichment came at the direct expense of a small business attempting to provide essential supplies during a global pandemic, making Amazon's conduct particularly egregious.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. Plaintiffs incorporate by reference the preceding paragraphs as if fully set forth herein.

37. The human cost of Amazon's conduct extends far beyond monetary losses.

Mr. Mohammed's experience illustrates how corporate misconduct can devastate a business and a person's life. As a sole proprietor who had invested everything - including borrowed funds - in his business, Mr. Mohammed's financial and emotional well-being became inextricably linked to Amazon's treatment of his business.

38. When Amazon began its pattern of misconduct, Mr. Mohammed experienced not just business setbacks, but a profound personal crisis. The stress of watching his inventory expire in Amazon's warehouses, seeing potential cryptocurrency mining profits slip away, and facing mounting storage fees and loan obligations triggered severe depression and anxiety. These conditions required professional medical intervention and continue to impact his daily life, including panic attacks, and stress-induced hypertension.

39. The financial devastation wrought by Amazon's conduct must be measured not just in direct losses, but in the cascading effects of its actions on Mr. Mohammed's business and life.

40. The most immediate damage stems from the loss of Mr. Mohammed's inventory investment. This loss represents not just the wholesale cost of the inventory, but its market value during unprecedented demand for protective equipment and supplies during the pandemic.

41. The potential revenue loss from the Antminer cryptocurrency mining equipment presents a particularly egregious example of consequential damages. During Amazon's wrongful retention, Bitcoin prices soared. This lost opportunity represents a calculable loss.

42. Amazon's conduct imposed additional concrete costs on Mr. Mohammed's business, including:

a) Storage fees for wrongfully retained inventory

b) Disposal fees for expired merchandise

c) Additional shipping and handling costs

These fees are particularly egregious as they represent charges imposed by Amazon for its wrongful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court provide the following relief:

43. Award compensatory damages totaling $3,799,581 representing, *inter alia*:

d) Direct inventory and capital losses: $200,000

e) Lost revenue from damaged/unsalable products: $435,598

f) Operational costs and expenses: $85,960

g) Lost cryptocurrency mining revenue: $3,285,000

44. Strike Amazon's unconscionable arbitration requirement as procedurally and substantively unenforceable, permitting this action to proceed in this Court where Mr. Mohammed can obtain meaningful relief.

45. Order the waiver of the outstanding account balance which represents charges improperly imposed during the period of Amazon's wrongful conduct.

46. Order a full accounting of: a) any use or revenue generated from this equipment during retention; b) the current condition and location of all retained items; and c) any sales or dispositions of Plaintiffs' property

47. Award punitive damages in an amount sufficient to deter Amazon and similarly situated companies from exploiting their marketplace power against small businesses.

48. Award reasonable attorneys' fees and costs under the inherent equity powers of this Court to remedy oppressive conduct.

49. Grant such other relief as this Court deems just and proper to remedy the severe harm caused by Amazon's misconduct.

**JURY DEMAND**

50. Under Rule 38(b) of the District of Columbia Superior Court Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable. The claims and facts alleged herein present numerous questions that are properly determined by a jury of their peers, particularly given the significance of the factual disputes and the severity of damages alleged.

**VERIFICATION**

I, Aymen Mohammed, hereby declare under penalty of perjury that the following is true and correct:

1. I am the principal of N-Bar Trade, Inc. and a Plaintiff in this action.

2. I have read the foregoing Verified Complaint and know its contents.

3. The matters stated in the Verified Complaint are true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

4. I declare under penalty of perjury under the laws of the District of Columbia that the foregoing is true and correct.

Executed on: January 21, 2025

Aymen MOhammed

Aymen Mohammed

**RULE 11 CERTIFICATION**

Under Rule 11 of the District of Columbia Superior Court Rules of Civil Procedure, the undersigned counsel hereby certifies that:

1. We have carefully reviewed the factual allegations contained in this Complaint and conducted a reasonable pre-filing investigation to verify these allegations.

2. Based on this review and investigation, to the best of our knowledge, information, and belief, formed after reasonable inquiry:

a) The claims and legal contentions presented are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law;

b) The factual allegations have evidentiary support or are likely to have evidentiary support after a reasonable opportunity for discovery;

c) The Complaint is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

**RULE 5.2(h) CERTIFICATION**

Under Rule 5.2(h) of the District of Columbia Superior Court Rules of Civil Procedure, the undersigned counsel hereby certifies that this matter involves claims for monetary damages arising from breach of contract, conversion of property, and personal injury in an online retail platform dispute. The complexity of this matter warrants careful case management and scheduling oversight by the Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of February 2025, I will cause the following documents to be served via process server upon the Defendants listed below:

AMAZON.COM SERVICES LLC
and,
AMAZON PAYMENTS, INC.
Corporation Service Company
1090 Vermont Avenue NW
Washington, DC 20005

Respectfully submitted,

__/S/__Zoubida Altayib___

Zoubida Altayib (1657732)
support@altayiblaw.com
202 961-6591
1050 Connecticut Avenue Suite 500
Washington, DC 20036

___/s/ Kamal Nawash ____

Kamal Nawash (D.C. Bar #458755)
1050 Connecticut Avenue NW, Suite 500
Washington, DC 20036
(202) 776-7191
kamal@kamalnawash.com

Counsel for Plaintiffs

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

N-BAR TRADE, INC.; AYMEN MOHAMMED
Plaintiff(s)

vs

AMAZON.COM SERVICES LLC; AMAZON PAYMENTS, INC.,
Defendant(s)

Case Number: ____________________

Date: 02/04/2025

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Zoubida Altayib | | Relationship to Lawsuit ☑ Attorney for Plaintiff ☐ Self (Pro Se) ☐ Other: ________ |
|---|---|---|
| Firm Name: Nawash Law Office | | |
| Telephone No.: (202) 961-6591 | DC Bar No.: 1657732 | |

TYPE OF CASE: ☐ Non-Jury ☐ 6 Person Jury ☑ 12 Person Jury

Demand: $ 3,799,581.00 Other: ____________________

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:______________ Judge: ______________ Calendar #:______________

Case No.:______________ Judge: ______________ Calendar #:______________

NATURE OF SUIT: *(Check One Box Only)*

**CONTRACT**
- ☐ Breach of Contract
- ☐ Breach of Warranty
- ☐ Condo/Homeowner Assn. Fees
- ☑ Contract Enforcement
- ☐ Negotiable Instrument

**COLLECTION/INS. SUB**
- ☐ Debt Collection
- ☐ Insurance Subrogation
- ☐ Motion/Application for Judgment by Confession
- ☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- ☐ Breach of Contract
- ☐ Discrimination
- ☐ Wage Claim
- ☐ Whistle Blower
- ☐ Wrongful Termination

**REAL PROPERTY**
- ☐ Condo/Homeowner Assn. Foreclosure
- ☐ Declaratory Judgment
- ☐ Drug Related Nuisance Abatement
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Interpleader
- ☐ Other
- ☐ Quiet Title
- ☐ Specific Performance

- ☐ **FRIENDLY SUIT**
- ☐ **HOUSING CODE REGULATIONS**
- ☐ **QUI TAM**
- ☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
- ☐ Administrative Search Warrant
- ☐ App. for Entry of Jgt. Defaulted Compensation Benefits
- ☐ Enter Administrative Order as Judgment
- ☐ Libel of Information
- ☐ Master Meter
- ☐ Petition Other
- ☐ Release Mechanics Lien
- ☐ Request for Subpoena

**MALPRACTICE**
- ☐ Medical – Other
- ☐ Wrongful Death

**AGENCY APPEAL**
- ☐ Dangerous Animal Determination
- ☐ DCPS Residency Appeal
- ☐ Merit Personnel Act (OEA)
- ☐ Merit Personnel Act (OHR)
- ☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil
- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

Zoubida Altayib
Filer/Attorney's Signature

02/26/2025
Date

M:

Zoubida Altayib

50 Connecticut Ave NW

ite 500

ashington DC 20036

CERTIFIED MAIL®

9589 0710 5270 2289 5075 29

Retail

UNITED STATES POSTAL SERVICE®

20005

RDC 99

U.

FC

HA

MI

MA

$

S23

Amazon.com Services LLC

1090 Vermont Ave NW NW

Washington DC 20005