**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **N-BAR TRADE, INC.**, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No.: 1:25-cv-00918 |
| v. | ) | |
| | ) | |
| **AMAZON.COM SERVICES LLC**, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT AMAZON'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL ARBITRATION**

Patrick J. Curran Jr. (DC Bar 1026302)
DAVIS WRIGHT TREMAINE LLP
1301 K Street NW
Suite 500 East
Washington, DC 20005
(202) 973-4200
patcurran@dwt.com

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................ 1

II. FACTUAL BACKGROUND ........................................ 3

III. ARGUMENT ........................................ 4

a. Plaintiffs' Unconscionability Challenge to the Arbitration Agreement Falls Within the Scope of the Enforceable Delegation Clause. ........................................ 4

b. The Arbitration Provision is Valid and Enforceable. ........................................ 5

1. The Arbitration Provision is not Procedurally Unconscionable. ........................................ 6

2. The Arbitration Provision is not Substantively Unconscionable. ........................................ 9

c. Amazon Has Not Waived Its Right to Compel Arbitration Through Inconsistent Conduct. ........................................ 12

IV. CONCLUSION ........................................ 13

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*A.C. ex rel. Carbajal v. Nintendo of Am., Inc.*,
2021 WL 1840835 (W.D. Wash. Apr. 29, 2021)....................7

*Am. Express Co. v. Italian Colors Rest.*,
570 U.S. 228 (2013)....................10, 11

*Armstrong v. Michaels Stores, Inc.*,
59 F.4th 1011 (9th Cir. 2023)....................12

*Cole v. Burns Intern. Sec. Services*,
105 F.3d 1465 (D.C. Cir. 1997)....................10, 11

*Costless Wholesale, Inc. v. Amazon.com Servs. LLC*,
2023 WL 6224825 (C.D. Cal. Sept. 20, 2023)....................5

*Crawford v. Beachbody, LLC*,
2014 WL 6606563 (S.D. Cal. Nov. 5, 2014)....................6

*Ekin v. Amazon Servs., LLC*,
84 F. Supp. 3d 1172 (W.D. Wash. 2014)....................7, 8

*Fli-Lo Falcon, LLC v. Amazon.com, Inc.*,
97 F.4th 1190 (9th Cir. 2024)....................5

*Fox v. Computer World Servs. Corp.*,
920 F. Supp (D.D.C. 2013)....................11

*Gold v. N.Y. Life Ins. Co.*,
730 F.3d 137 (2d Cir. 2013)....................11, 12

*Green Tree Fin. Corp.-Ala. v. Randolph*,
531 U.S. 79 (2000)....................10

*Haire v. Smith, Currie & Hancock LLP*,
925 F. Supp. 2d 126 (D.D.C. 2013)....................4

*Harbers v. Eddie Bauer, LLC*,
2019 WL 6130822 (W.D. Wash. Nov. 19, 2019)....................7

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
586 U.S. 63 (2019)....................5

*Houtchens v. Google LLC*,
649 F. Supp. 3d 933 (N.D. Cal. 2023) ....................................................................6

*In re Am. Express Merchants' Litig.*,
681 F.3d 139 (2d Cir. 2012)....................................................................11, 12

*Khan v. Parsons Glob. Servs., Ltd.*,
521 F.3d 421 (D.C. Cir, 2008) ....................................................................12

*Lim v. TForce Logistics, LLC*,
8 F.4th 992 (9th Cir. 2021) ....................................................................5

*McCallum v. Buckley Law, P.C.*,
2024 WL 3744440 (W.D. Wash. Aug. 9, 2024) ....................................................................11

*Mercadente v. XE Servs., LLC*,
78 F. Supp. 3d 131 (D.D.C. 2015)....................................................................5

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
473 U.S. 614 (2015)....................................................................11

*Molina v. Scandinavian Designs, Inc.*,
2014 WL 1615177 (N.D. Cal. Apr. 21, 2014) ....................................................................6, 7

*Morgan v. Sundance, Inc.*,
596 U.S. 411 (2022)....................................................................13

*Poublon v. C.H. Robinson Co.*,
846 F.3d 1251 (9th Cir. 2017) ....................................................................5

*Rent-A-Center, W., Inc. v. Jackson*,
561 U.S. 63 (2010)....................................................................5

*Ruiz v. Millennium Square Residential Ass'n*,
156 F. Supp. 3d 176 (D.D.C. 2016)....................................................................8, 12

*Saeedy v. Microsoft Corporation*,
757 F. Supp. 3d 1172 (W.D. Wash. 2024)....................................................................6, 7

*Shenzen Shileziyou Techs. Co. v. Amazon.com, Inc*.,
2021 WL 5848062 (N.D. Cal. Dec. 9 2021)....................................................................5

*Williams v. Lampe*,
399 F.3d 867 (7th Cir. 2005) ....................................................................13

*Wiseley v. Amazon.com, Inc.*,
709 F. App'x 862 (9th Cir. 2017) ....................................................................7

*Zuckerman Spaeder, LLP v. Auffenberg*,
646 F.3d 919 (D.C. Cir. 2011) ....................12

**State Cases**

*Adler v. Fred Lind Manor*,
103 P.3d 773 (Wash. 2004)....................8, 9

*Burnett v. Pagliacci Pizza, Inc.*,
470 P.3d 486 (Wash. 2020)....................6

*M.A. Mortenson Co. v. Timberline Software Corp.*,
998 P.2d 305 (Wash. 2000)....................6

*Mendez v. Palm Harbor Homes, Inc.*,
45 P.3d 594 (Wash. Ct. App. 2002)....................9

*Moore v. Waller*,
930 A.2d 176 (D.C. 2007) ....................8

*Nelson v. McGoldrick*,
896 P.2d 1258 (Wash. 1995) ....................9

*Randas v. YMCA of Metro. L.A.*
17 Cal. App. 4th 158 (1993) ....................7

*Romney v. Franciscan Med. Grp.*,
349 P.3d 32 (Wash. Ct. App. 2015)....................5

*Walters v. A.A.A. Waterproofing, Inc.*,
211 P.3d 454 (Wash. Ct. App. 2009)....................9

**Federal Statutes**

28 U.S.C. §§ 1332(d), 1453, 1711-15 (CAFA) ....................11

**Rules**

Fed. R. Civ. P. 81(c)(2)(C) ....................12

**Other Authorities**

AMERICAN ARBITRATION ASSOCIATION, *Commercial Arbitration Rules and Mediation Procedures – Administrative Fee Schedules*, available at http://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf (last visited April 23, 2025) ....................9

Defendant Amazon respectfully submits this Reply Memorandum in further support of its Motion to Compel Plaintiffs' claims to arbitration pursuant to the BSA and FAA.

## I. INTRODUCTION

Amazon's Motion to Compel Arbitration, ECF No. 4, established unequivocally that Plaintiffs agreed to the BSA and to the arbitration provision contained therein when Mr. Mohammed created the N-Bar seller account in May 2020. Plaintiffs' Opposition—filed late[1]—does nothing to cast doubt on that conclusion. Notwithstanding the fact that the Opposition is rife with inaccuracies, including the use of quotations not found in the cited cases, Plaintiffs have not met their burden in challenging the enforceability of the arbitration provision. The law is clear—Plaintiffs must honor their contractual obligation and arbitrate their claims per the BSA's arbitration provision.

As an initial matter, Plaintiffs' attack on the arbitration agreement as unconscionable is a threshold question of arbitrability that is for the arbitrator to decide, not this Court. The BSA includes a delegation provision that delegates questions of arbitrability to the arbitrator. Therefore, the court is limited to considering only whether the delegation provision itself is unconscionable. Because Plaintiffs did not challenge the delegation clause, there is nothing for the Court to decide.

However, even if the Court considers substance of Plaintiffs' Opposition, Plaintiffs have not met their burden of demonstrating that the arbitration provision is unenforceable on unconscionability grounds. Plaintiffs raise three primary arguments in their Opposition. ***First***, Plaintiffs argue that the arbitration provision is procedurally unconscionable, primarily because Mr. Mohammed allegedly never reviewed the BSA or arbitration provision when he created the N-Bar seller account. It is black-letter law, however, that clicking to agree to a contract online

[1] Amazon filed its Motion to Compel on Friday, April 4, 2025. Per LCvR 7(b), Plaintiff's Opposition was due on Friday, April 18, 2024. However, Plaintiffs did not file their Opposition until Monday, April 21, 2024.

without actually reading (or remembering) it does not render the agreement unenforceable. Plaintiffs also argue that the arbitration provision is an unenforceable contract of adhesion. However, they do not offer any argument or evidence that they lacked a reasonable choice. That alone defeats the procedural unconscionability argument.

***Second***, Plaintiffs argue that the arbitration provision is substantively unconscionable because the terms favor Amazon and deprive Plaintiffs of a forum to pursue their claims. Notwithstanding the fact that the arbitration provisions terms are fair and not substantively unconscionable as a matter of law, this argument relies on cases that discuss arbitration in the context of asserting federal statutory rights. Those cases have no bearing on Plaintiffs' assertion of state law contract and tort claims. Plaintiffs also emphasize the dispute over the arbitration locale and the locale contention that Amazon submitted in February 2024 when the parties were before the AAA. The argument fails.

***Third***, Plaintiffs assert that Amazon waived its right to arbitrate through inconsistent conduct. This is patently untrue. As Amazon explained in its Motion to Compel, it has been trying to get this dispute before the AAA since 2022 when Mr. Mohammed first brought his *pro se* claim against Amazon in D.C. Superior Court. Not one of the factors discussed in this section of Plaintiffs' Opposition demonstrates any inconsistency whatsoever in Amazon's position.

***Fourth***, Plaintiffs argue that compelling arbitration would effectively deny Plaintiffs a forum to resolve their claims. This is just a reheated version of the substantive unconscionability argument. It fails for the same reasons.

Plaintiffs have not met their burden to establish unconscionability or any other reason to disregard the parties' clear agreement. The Court should compel Plaintiffs to arbitrate this dispute and dismiss the Complaint.

## II. FACTUAL BACKGROUND

While Amazon's Motion to Compel conclusively demonstrated that Plaintiffs agreed to the BSA and arbitration provision when Mr. Mohammed completed the registration process for the N-Bar seller account on May 11, 2020, Amazon provides the following brief additional factual background in response to the "facts" Plaintiffs presented in their Opposition.

During the seller sign-up process, Amazon gave Plaintiffs notice that by signing up for an Amazon seller account, they were agreeing to the BSA; the Seller Agreement page contained a notice stating, "By clicking on 'Agree and continue,' you agree to the Amazon Services Business Solutions Agreement...." ECF 4-2 at ¶ 8. Far from being "latent and deceptive," the notice of the BSA is highlighted in blue text that is set off from the other black text on the Seller Agreement page. *Id.* Additionally, the BSA is not "voluminous," nor was the arbitration provision "deliberately concealed." In May 2020, the entire length of the BSA[2] was under twenty-seven pages. *Id.* ¶ 10, Ex. A. The arbitration provision begins on page 6 of the BSA in section 18. *Id.*

Plaintiffs mischaracterize a disagreement between the parties over arbitration locale as an attempt by Amazon to "block the arbitration process." Amazon did no such thing. Plaintiffs' initial Demand for Arbitration requested a locale of Washington, DC. Declaration of Patrick Curran ("Curran Decl.") ¶ 2, Ex. A. On February 7, 2024, the AAA sent counsel for Amazon an "Initiation Letter" that, among other things, invited Amazon to "file an Answering Statement, including any objection to the requested locale, on or before … February 22, 2024." *Id.* ¶ 3, Ex. B. On February 22, 2024, Amazon filed its Answer and objected to the locale, asserting that the

---

[2] In addition to the standard terms that apply to all seller account, the BSA also includes a number of sub-agreements that apply to certain Amazon seller accounts that utilize certain services offered by Amazon, including the "Selling on Amazon Service Terms," ECF No. 4-3 at 12, "Fulfillment by Amazon Service Terms," *id.* at 17, and "Transaction Processing Service Terms." *Id.* at 24. The paragraphs that apply to each sub-agreement are clearly delineated with a prefix that sets them apart from the standard BSA terms. For example, the paragraphs for the "Selling on Amazon Service Terms" have an "S" prefix (e.g., S-1); the paragraphs for the "Fulfillment by Amazon Service Terms" have an "F" prefix (e.g., F-1); and the paragraphs for the "Transaction Processing Service Terms" have a "P" prefix (e.g., P-1).

appropriate local was Seattle, Washington, primarily because the dispute is governed by Washington law. *Id.* ¶ 4, Ex. C. On February 22, 2024, the parties had an initial administrative conference call with the AAA where Plaintiffs objected to Amazon's locale request. Curran Decl. ¶ 5. That same day, the AAA sent the parties a letter requesting that both Plaintiffs and Amazon provide written locale contentions by February 29, 2024. *Id.* ¶ 6, Ex. D. Amazon submitted its written locale contention as requested which addressed the factors identified by the AAA as relevant. *Id.* ¶ 7, Ex. E. Amazon highlighted that locale primarily determines the arbitrator pool. *Id.* As Plaintiffs highlighted in their Opposition, Amazon offered to host any hearing virtually over Zoom so that neither party would need to bear travel costs. *Id.* Plaintiffs declined to provide a locale contention and instead requested to withdraw from arbitration and proceed via D.C. Superior Court. Curran Decl. ¶ 8, Ex. F at 7.[3] On March 6, 2024, at the request of Plaintiffs, the AAA administratively closed the matter. *Id.* at 1; Curran Decl. ¶ 10, Ex. G.

## III. ARGUMENT

### a. Plaintiffs' Unconscionability Challenge to the Arbitration Agreement Falls Within the Scope of the Enforceable Delegation Clause.

The Court should grant the Motion to Compel and let the arbitrator decide whether the arbitration provision is unconscionable. Plaintiffs did not dispute that the arbitration provision incorporates the AAA commercial rules. As Amazon established in its Motion to Compel, incorporation of the AAA commercial rules is "clear and unmistakable evidence that the parties intended for an arbitrator to decide questions of arbitrability, including challenges to the continued validity and existence of the arbitration provision." *Haire v. Smith, Currie & Hancock LLP*, 925 F. Supp. 2d 126, 133 (D.D.C. 2013). When the parties' contract delegates the arbitrability question

[3] Plaintiffs' email to the AAA contains material misrepresentations of communications between counsel for Plaintiffs and undersigned counsel.

to an arbitrator, a court may not override the contract. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 67-68 (2019).

Plaintiffs' Opposition attacked the arbitration as unconscionable. Determining whether the arbitration agreement as a whole is unconscionable is a threshold question of arbitrability. *Fli-Lo Falcon, LLC v. Amazon.com, Inc.*, 97 F.4th 1190, 1199 (9th Cir. 2024). Courts regularly enforce Amazon's arbitration provision and send challenges based on procedural and substantive unconscionability to the arbitrator. *See, e.g.*, *Costless Wholesale, Inc. v. Amazon.com Servs. LLC*, 2023 WL 6224825, at *4 (C.D. Cal. Sept. 20, 2023); *Shenzen Shileziyou Techs. Co. v. Amazon.com, Inc*., 2021 WL 5848062, at *3 (N.D. Cal. Dec. 9 2021). The only question remaining for the Court is whether Plaintiffs also specifically argued that the delegation provision itself is unconscionable. *Fli-Lo Falcon*, 97 F.4th at 1199; *see also Mercadente v. XE Servs., LLC*, 78 F. Supp. 3d 131, 139-40 (D.D.C. 2015). A valid challenge to a delegation clause "must be directed specifically at the delegation agreement and not at 'another provision of the contract, or the contract as a whole.'" *Id.* (quoting *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 70 (2010)). The Opposition contains no such challenge. Because the parties delegated the issue of unconscionability to the arbitrator, the Court should compel arbitration and let the arbitrator address the issue pursuant to the parties' contract.

**b. The Arbitration Provision Is Valid and Enforceable.**

If the Court addresses the substance of Plaintiffs' Opposition, it will undoubtedly agree that the arbitration provision is not unconscionable. "[T]he party opposing arbitration bears the burden of proving any defense, such as unconscionability." *Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021) (alteration in original) quoting *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1259 (9th Cir. 2017); *see also Romney v. Franciscan Med. Grp.*, 349 P.3d 32, 36 (Wash. Ct. App. 2015) ("The burden of demonstrating that an arbitration agreement is not enforceable is on

the party opposing arbitration."). Plaintiffs have not met their burden. As set forth below, Plaintiffs were on notice of the arbitration provision and had a meaningful choice in determining whether to agree to the BSA. Likewise, notwithstanding Plaintiffs' arguments about Amazon's locale contention, the arbitration provision is fair and not cost prohibitive. The Court should reject Plaintiffs' arguments and compel arbitration.

### 1. The Arbitration Provision Is Not Procedurally Unconscionable.

Plaintiffs agreed to the BSA freely and voluntarily. Procedural unconscionability centers on the manner in which parties enter into an agreement and their respective circumstances. *See Houtchens v. Google LLC*, 649 F. Supp. 3d 933, 943-44 (N.D. Cal. 2023); *Burnett v. Pagliacci Pizza, Inc.*, 470 P.3d 486, 495-96 (Wash. 2020). The terms of the BSA were readily and continuously available to Plaintiffs as they repeatedly accepted those terms by their continued use of Amazon's services. *See M.A. Mortenson Co. v. Timberline Software Corp.*, 998 P.2d 305, 315 (Wash. 2000) (enforcing adhesive licensing terms and rejecting procedural unconscionability challenge where plaintiff had "more than ample opportunity to read and understand the terms of the license").

Plaintiffs argue that they had no knowledge of the BSA or the arbitration provision. ECF No. 8 at 5-6. Despite the dubious nature of this averment, "neither Plaintiffs' inability to recall seeing reference to the terms, nor their failure to review terms overcomes the evidence of assent." *Saeedy v. Microsoft Corporation*, 757 F. Supp. 3d 1172, 1197 (W.D. Wash. 2024); *see also Houtchens*, 649 F. Supp. 3d at 942, 944 (plaintiffs' bare assertion they did not recall process and "may not have read" terms did not overcome evidence they checked a box agreeing to terms in creating accounts) (citing *Crawford v. Beachbody, LLC*, 2014 WL 6606563, at *2-3 (S.D. Cal. Nov. 5, 2014) (plaintiff assented to terms even though she did "not recall seeing or agreeing to any terms and conditions on the … website), and *Molina v. Scandinavian Designs, Inc.*, 2014 WL

1615177, at *3 (N.D. Cal. Apr. 21, 2014) ("[O]ne who accepts or signs an instrument, which on its face is a contract, is deemed to assent to all its terms, and cannot escape liability on the ground that he has not read it.") (quoting *Randas v. YMCA of Metro. L.A.,* 17 Cal. App. 4th 158, 163 (1993)); *Harbers v. Eddie Bauer, LLC*, 2019 WL 6130822, at *4-6 (W.D. Wash. Nov. 19, 2019) ("Courts have rejected the argument that there was no mutual assent on the grounds that a party failed to read or fails to remember the terms of a contract."). Amazon's Motion to Compel established that Plaintiffs were on notice of the BSA and the arbitration provision and that they provided affirmative assent by clicking through. ECF No. 4-3 ¶ 16, Ex. C. Plaintiffs cannot avoid their obligation by claiming ignorance.

Plaintiffs also assert that the BSA and arbitration provision are unenforceable contracts of adhesion. ECF No. 8 at 6-7 (Plaintiffs argue that the contract is tainted by unequal bargaining power, no opportunity for negotiation, and absence of meaningful choice). However, it is well established under Washington law that "[t]he mere fact an agreement is an 'adhesion contract' (i.e., a standardized contract imposed and drafted by the party with greater bargaining strength and only giving the weaker party the opportunity to adhere or reject it) does not suffice to establish unconscionability." *Saeedy*, 757 F. Supp. 3d at 1208; *see also Wiseley v. Amazon.com, Inc.,* 709 F. App'x 862, 863 (9th Cir. 2017) ("[A]dhesion is insufficient to support a finding of procedural unconscionability under Washington law…."); *Ekin v. Amazon Servs., LLC,* 84 F. Supp. 3d 1172, 1175–78 (W.D. Wash. 2014) (rejecting claim that Amazon agreement of "adhesion" was unconscionable or illusory). The primary question in resolving a claim of procedural unconscionability with a contract of adhesion is whether there was a lack of a reasonable choice. *A.C. ex rel. Carbajal v. Nintendo of Am., Inc.*, 2021 WL 1840835, at *3 (W.D. Wash. Apr. 29, 2021).

Plaintiffs have made no such showing here. The "business necessity" factor cited by Plaintiffs, ECF No. 8 at 6, is not part of the relevant case law. No one forced Plaintiffs to sell their products on Amazon. If Plaintiffs disagreed with the BSA or arbitration provision's terms, Plaintiffs were free not to do business with Amazon. In determining whether a party has a meaningful choice, courts evaluate "the manner in which the contract was entered, whether the [plaintiff] had a reasonable opportunity to understand the terms of the contract, and whether the important terms were hidden in a maze of fine print." *Adler v. Fred Lind Manor*, 103 P.3d 773, 782 (Wash. 2004) (internal quotations omitted) (cleaned up). Each factor favors Amazon. The clickwrap agreement is valid under Washington law. *Ekin*, 84 F. Supp. 3d at 1177. Plaintiffs had the opportunity to click through the hyperlink when Mr. Mohammed created the N-Bar seller account. ECF No. 4-3 ¶ 8. Finally, the arbitration provision was conspicuous. The arbitration provision is a standalone section in the BSA, which states explicitly—and in bold—that "**Amazon and [Mr. Mohammed] both consent that any dispute with Amazon or its Affiliates or claim relating in any way to this Agreement or your use of the Services will be resolved by binding arbitration as described in this paragraph, rather than in court.**" ECF No. 4-3 ¶ 10, Ex. A § 18.

Plaintiffs' reliance on *Ruiz v. Millennium Square Residential Ass'n*, 156 F. Supp. 3d 176 (D.D.C. 2016) is unhelpful. *Ruiz* emphasized that the dispositive factor for procedural unconscionability was whether "the services could not be obtained elsewhere." *Id.* at 181 (quoting *Moore v. Waller*, 930 A.2d 176, 182 (D.C. 2007)). Plaintiffs have not made any such showing here. Amazon is not the only place for small businesses to sell their products online. There was nothing stopping Plaintiffs from using their own website or another method to sell and market their

products. Plaintiffs have not met their burden of showing that the arbitration provision is procedurally unconscionable.

**2. The Arbitration Provision Is Not Substantively Unconscionable.**

A contract is substantively unconscionable only where it is "shocking to the conscience," "monstrously harsh," or "exceedingly calloused." *Mendez v. Palm Harbor Homes, Inc.*, 45 P.3d 594, 602 (Wash. Ct. App. 2002) (quoting *Nelson v. McGoldrick*, 896 P.2d 1258, 1262 (Wash. 1995)). None of these terms can be fairly applied to the arbitration provision or the AAA's commercial rules and fee schedule, which the arbitration provision incorporated by reference.

Plaintiffs make three arguments in support of their theory that the arbitration provision is substantively unconscionable: (1) the cost of arbitration is prohibitive; (2) arbitrating the dispute in Seattle creates an undue burden; and (3) the arbitral forum denies Plaintiffs access to justice. ECF No. 8 at 8-9. Each argument fails.

First, Plaintiffs have not met their burden of showing that the cost of arbitration is prohibitive. To meet this burden, Plaintiffs must be able to prove why the fees would effectively prevent them from bringing their claims; this can be done by providing an affidavit describing the party's financial situation and providing information about the potential arbitration fees. *Adler*, 103 P.3d at 786; *see also Walters v. A.A.A. Waterproofing, Inc.*, 211 P.3d 454, 461 (Wash. Ct. App. 2009) (the party claiming prohibitive costs "has the burden of showing that the cost of arbitration is prohibitive by documenting his financial resources, the extra costs of arbitration, and any [factors that may] defray the cost of arbitration"). Plaintiffs have not provided any financial information and offer only conclusory statements about how the AAA fees and arbitrator costs are prohibitive. That does not satisfy their burden. *Adler*, 103 P.3d at 786. Plaintiffs ignore that the AAA worked with Plaintiffs to reduce any perceived burden. In the 2024 arbitration that Plaintiffs

initiated, the AAA agreed to waive the initial filing fees at Plaintiffs' request. Curran Decl. ¶ 5.[4] Notably, under the AAA's commercial rules, the arbitrator may apportion the fee among the parties via a final award. ECF No. 4-7 at 30. The arbitrator also has the ability to apportion fees, expenses, and arbitrator compensation as she deems appropriate. *Id.* at 29. Plaintiffs' arguments about "Amazon's strategic expansion of proceedings" and "comparative financial capacity" are unsupported by any case law. Neither one of these factors affects the substantive unconscionability analysis as they are directed by Plaintiffs' assumptions about Amazon's future actions, not the agreement itself.

Plaintiffs rely on *Cole v. Burns Intern. Sec. Services*, 105 F.3d 1465 (D.C. Cir. 1997) in support of their prohibitive cost argument. The case has no bearing on this commercial dispute because it dealt with how to apply the FAA when the plaintiff is asserting *federal statutory claims* in the employment context (Title VII). *Id.* at 1467. This dispute does not involve any federal statutory rights or claims. Plaintiffs have asserted simple contract and state law tort claims. ECF No. 1-1 at 5-8. *Cole* is irrelevant to this case. Plaintiffs' reliance on *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79 (2000), suffers from a similar flaw, as *Green Tree* also dealt with the FAA and vindication of federal statutory rights. *Id.* at 89. However, the Court's analysis in *Green Tree* actually supports Amazon's position because, like the petitioner in *Green Tree*, Plaintiffs have not provided any *facts* on the record showing how arbitration will impose prohibitive costs. *Id.* at 90. Plaintiffs only offer conjecture and speculation; the record is devoid of any detailed factual analysis supported by evidence. Finally, Plaintiffs' citation to *Am. Express Co. v. Italian*

---

[4] The AAA's filing fees are based on the amount sought by the Claimant. Here, because Plaintiffs are seeking approximately $3,800,000 in damages, total filing fees would run $8,475, with the option for a flexible fee schedule. *See* AMERICAN ARBITRATION ASSOCIATION, *Commercial Arbitration Rules and Mediation Procedures – Administrative Fee Schedules*, available at http://www.adr.org/sites/default/files/Commercial_Arbitration_Fee_Schedule_1.pdf (last visited April 23, 2025). These fees are not set by Amazon.

*Colors Rest.*, 570 U.S. 228 (2013) and the concept of "effective vindication" also only addresses "a party's right to pursue statutory remedies." *Id.* at 235 235 (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 at 637, n.19 (2015)). Plaintiffs are not pursuing any statutory remedies. The case law they rely on is irrelevant and unhelpful to their argument.

Second, Plaintiffs' argument about the arbitration locale is a red herring. Plaintiffs will not be forced to arbitrate "in Seattle" as Amazon has already offered to have any hearing take place virtually. Curran Decl. ¶ 7, Ex. E. There is no "geographic burden."

Finally, Plaintiffs argue here and in section III of their Opposition that compelling arbitration would effectively deny them of any forum to resolve their claims. This is patently false. There is no bar to Plaintiffs bringing their state law contract and tort claims to the AAA. Plaintiffs again rely on *Cole* and *Italian Colors* to support their theory. As stated above, the analysis in those cases applies solely to the vindication of *federal statutory rights* via arbitration. Plaintiffs have not provided any binding or persuasive authority suggesting that the analysis of either case extends here to Plaintiff's claims. Plaintiffs have failed to meet their burden of showing "that the terms of the arbitration clause would lead to overly harsh results." *McCallum v. Buckley Law, P.C.*, 2024 WL 3744440, at *4 (W.D. Wash. Aug. 9, 2024). Therefore, the arbitration provision is not substantively unconscionable.

Curiously, Plaintiffs also cite *Gold v. N.Y. Life Ins. Co.*, 730 F.3d 137 (2d Cir. 2013) to support their position and even include a quote from the case: "a court may invalidate an arbitration agreement that, 'while not denying a party to a lawsuit any statutory right, provides such a small or inadequate forum that the party is essentially denied access to the forum.'" Plaintiffs state that the quoted language is from page 142 of *Gold* and that it quotes *In re Am. Express Merchants' Litig.*, 681 F.3d 139, 147 n.20 (2d Cir. 2012). ECF No. 8 at 15-16. There is one major problem

with this quote—***it does not exist***. *Gold* concerns the "home state exception" to jurisdiction under the Class Action Fairness Act; the case does not address arbitration at all. Nor does *Gold* cite to *In re Am. Express Merchants' Litig.* Even more worrisome, *In re Am. Express Merchants' Litig.* does not contain the internal quote, nor does it have a footnote 20. Amazon can only guess where Plaintiffs found this quote.[5] Counsel was unable to locate it in any other reported or unreported case; nor was counsel able to locate its source via a Google search. Curran Decl. ¶ 11.

**c. Amazon Has Not Waived Its Right To Compel Arbitration Through Inconsistent Conduct.**

Amazon has consistently sought to bring Plaintiffs' claims to the AAA via the arbitration provision in the BSA. *See* ECF No. 4-1 at 6-7. Plaintiffs' argument to the contrary is disingenuous. "[T]he party asserting waiver must demonstrate: (1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023); *see also Khan*, 521 F.3d at 425 (a party may waive the right to arbitration if it acts inconsistently with that right). The record is clear: Amazon has consistently tried to get Plaintiffs' claims before the AAA.

While Plaintiffs cite seven factors to support their waiver argument, they provide no case law for the source of these factors; perhaps they are made up like the *Gold* "quote." ***First***, Amazon's choice to remove this case to federal court and move to compel arbitration did not constitute any waiver of arbitration rights. "A removed action proceeds as if it had been originally

[5] This is not the only quote relied on by Plaintiffs that is not actually found in the referenced case. On page 5, Plaintiffs attribute the quote "an absence of meaningful choice on the part of one of the parties" to *Fox v. Computer World Servs. Corp.*, 920 F. Supp, 2d 90, 97 (D.D.C. 2013). While the case discusses this issue, the quote is not found in the case. On page 7, Plaintiffs attribute the quote "no opportunity to negotiate" to *Ruiz*, 156 F. Supp. 3d at 181. The case discusses this issue but the quote is not found anywhere in the case's text. On page 11, Plaintiffs cite to *Zuckerman Spaeder, LLP v. Auffenberg*, 646 F.3d 919, 922 (D.C. Cir. 2011) for the quote: "A party waives its right to arbitration if it acts inconsistently with that right and, by doing so, prejudices the other party." That language is not found in *Zuckerman Spaeder* even though the case addresses the issue. Finally, on page 13, Plaintiffs state that the quote "prejudices the other party by their actions" can be found in *Khan v. Parsons Glob. Servs., Ltd.*, 521 F.3d 421, 425 (D.C. Cir, 2008). The quote is not in the cited case.

brought in the federal court …." *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). Amazon filed its Motion to Compel within the seven days required by Fed. R. Civ. P. 81(c)(2)(C). Amazon's actions are entirely consistent with a desire to genuinely pursue arbitration. ***Second***, Amazon has not taken an "inconsistent approach to arbitration." The fact that the parties had a disagreement about arbitration locale is not evidence that Amazon made "the arbitration process impossible to pursue." ECF No. 8 at 11. Plaintiffs freely chose to withdraw from the arbitration process in 2024. Curran Decl. ¶¶ 8-10. ***Third***, the next four factors identified by Plaintiffs—"tactical venue obstruction," "disingenuous appearance of flexibility," "undermined AAA's hardship accommodations," and "exploited cost disparities"—all relate to Plaintiffs' objection to Amazon's locale contention. ECF No. 8 at 11-13. There is nothing in the argument from which the Court could infer that Amazon acted inconsistently with its right to arbitrate. ***Fourth***, the Supreme Court has recently clarified that the last factor identified by Plaintiffs—"Prejudice to Plaintiffs"—plays no role in whether a party waives its right to compel arbitration under the FAA. *Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022).

Amazon did not waive its right to arbitrate this dispute. The Court should enforce the parties' contractual obligations and grant Amazon's Motion to Compel.

## IV. CONCLUSION

For the foregoing reasons and the reasons stated in Amazon's Motion to Compel Arbitration, the Court should compel arbitration and dismiss this action so that the parties may proceed in arbitration in accordance with their agreement.

DATED: April 28, 2025

Respectfully submitted,

*/s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr. (DC Bar 1026302)
DAVIS WRIGHT TREMAINE LLP
1301 K Street, NW
Suite 500 East
Washington, DC 20005
(202) 973-4200
patcurran@dwt.com

*Counsel for Defendants Amazon.com Services LLC and Amazon Payments, Inc.*

**CERTIFICATE OF SERVICE**

I, Patrick J. Curran Jr., hereby certify that on April 28, 2025, a copy of the foregoing was served on all parties who have made an appearance via the Court's ECF system.

*/s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr.